Calvin O'Neil ALLEN, Petitioner–
Appellant,

v.

David MITCHELL;  Roy Allen Cooper,
Attorney General, Respondents–
Appellees.

No. 00–7439.

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 26, 2001.

Decided Dec. 27, 2001.

**ARGUED:** Neal Lawrence Walters, Appellate Litigation Clinic, University of Virginia School of Law, Charlottesville, Virginia, for Appellant. Clarence Joe Del-Forge, III, Assistant Attorney General, North Carolina Department of Justice, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Roy Cooper, Attorney General, North Carolina Department Of Justice, Raleigh, North Carolina, for Appellees.

Before WIDENER and WILKINS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by published opinion. Judge WILKINS wrote the opinion, in which Judge WIDENER and Senior Judge HAMILTON joined.

## OPINION

WILKINS, Circuit Judge.

Calvin O'Neil Allen appeals the dismissal of his habeas corpus petition as untimely, contending that the district court erred in holding that the statute of limitations was not tolled during the period between stages of state collateral review. We hold that the statute of limitations was tolled for some but not necessarily all of the period in question, and that the record does not contain sufficient information to determine whether Allen's petition was timely. Accordingly, we vacate the dismissal of Allen's petition and remand for further proceedings.

### I.

In 1994, a North Carolina jury found Allen guilty of attempted robbery with a firearm. Allen did not appeal. In August 1995, he filed a Motion for Appropriate Relief (MAR) in superior court. The motion was denied the following month. Over four years later, on March 13, 2000, Allen filed a petition for certiorari in the North Carolina Court of Appeals, seeking review of the denial of his MAR.[1] The appellate court denied Allen's petition on March 23, 2000.

On May 11, 2000, Allen filed a federal habeas corpus petition. *See* 28 U.S.C.A. § 2254 (West 1994 & Supp.2001). The Respondent ("the State") moved to dismiss the petition as untimely. The State argued that the one-year statute of limitations established by 28 U.S.C.A. § 2244(d) (West Supp.2001) elapsed during the interval between the denial of Allen's MAR in 1995 and the filing of his petition for certiorari in 2000. The district court accept-

---

**1.** Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. *Cf. United States v. Torres,* 211 F.3d 836, 837 n. 3 (4th Cir.2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral re-view applications in district court). We take no position on that question here. For convenience, this opinion will refer to all documents as having been filed on the dates they were received by the courts to which they were submitted.

ed this argument and dismissed Allen's petition.

## II.

■ As noted above, § 2244(d) establishes a one-year statute of limitations for § 2254 petitions. This section further provides for tolling of the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.A. § 2244(d)(2). The issue before us involves the application of this provision to the "gaps" between stages of state collateral review. We review this issue de novo. *See Taylor v. Lee*, 186 F.3d 557, 559 (4th Cir.1999).

■ We have previously held that collateral review proceedings are "pending," and that the statute of limitations is therefore tolled, between the denial of post-conviction relief by a state court and the filing of a *timely* petition for appellate review. *See Hernandez v. Caldwell*, 225 F.3d 435, 438 (4th Cir.2000); *Taylor*, 186 F.3d at 561. The question now before us involves the operation of § 2244(d)(2) when a prisoner files an *untimely* petition for appellate review during state collateral review proceedings. We hold that the statute of limitations is not tolled between the expiration of a state appeal deadline and the subsequent filing of an untimely appellate petition. After explaining this holding, we will examine the question of whether Allen's certiorari petition was timely under North Carolina law.

## A.

■ When a prisoner files an untimely appellate petition during state collateral review proceedings, three periods are relevant to the availability of tolling for the time span between the denial of relief by the lower court and the conclusion of appellate proceedings: the interval between the lower court decision and the deadline for seeking review ("Appeal Period"); the interval between this deadline and the filing of an appellate petition ("Post Deadline Period"); and the interval during which the appellate petition is under review by the state court ("Review Period"). We have already held that the statute of limitations is tolled pursuant to § 2244(d)(2) during the Appeal Period. *See Taylor*, 186 F.3d at 561. Furthermore, the plain language of § 2244(d)(2) requires tolling during the Review Period if the appellate petition was "properly filed." [2] Thus, the primary question we address today is whether the statute of limitations should be tolled during the Post Deadline Period.

Our sister circuits have taken different approaches to this issue. The Ninth Circuit holds that "the statute of limitations is tolled from the time the first state habeas petition is filed until the [state supreme court] rejects the petitioner's final collateral challenge." *Saffold v. Newland*, 250 F.3d 1262, 1266 (9th Cir.) (internal quotation marks omitted), *cert. granted*, —— U.S. ——, 122 S.Ct. 393, 151 L.Ed.2d 297 (2001). In the case of an untimely appellate petition, this rule applies unless the state court expressly dismissed the petition as untimely without any examination

**2.** Other courts disagree about the appropriate method for determining whether an untimely appellate petition was properly filed. *Compare Gibson v. Klinger*, 232 F.3d 799, 805–06 (10th Cir.2000) (holding that whether application was properly filed is determined by reference to state rules; rejecting reliance by Sev- enth and Ninth Circuits on statements by state court), *with Melancon v. Kaylo*, 259 F.3d 401, 405 n. 3 (5th Cir.2001) (following *Gibson* in part but holding that federal court must accept express determination by state court that application was properly filed). It is not necessary for us to decide that issue here.

of the merits. *See id.* at 1267–68. Otherwise, the statute of limitations is tolled during all three of the periods mentioned above, including the Post Deadline Period.

By contrast, the Fifth, Seventh, and Tenth Circuits hold that the statute of limitations is not tolled during the Post Deadline Period. *See Melancon v. Kaylo,* 259 F.3d 401, 406–07 (5th Cir.2001); *Gibson v. Klinger,* 232 F.3d 799, 807 (10th Cir.2000); *Fernandez v. Sternes,* 227 F.3d 977, 979–81 (7th Cir.2000). These courts reason that nothing is "pending" for purposes of § 2244(d)(2) when the time for seeking review has elapsed and there is no application under consideration by the state court. *See, e.g., Fernandez,* 227 F.3d at 980.

We agree with the majority position. This approach is consistent with our prior decisions interpreting § 2244(d)(2). In those cases, we have construed § 2244(d)(2) in the manner best calculated to promote exhaustion of state remedies. For example, we have held that tolling the statute of limitations during gaps between stages of review upholds comity by affording state prisoners a full opportunity to develop their claims in state court. *See Taylor,* 186 F.3d at 561. At the same time, we have been mindful that Congress enacted § 2244(d) "with the . . . purpose of curbing the abuse of the statutory writ of habeas corpus." *Crawley v. Catoe,* 257 F.3d 395, 400 (4th Cir.2001) (internal quotation marks omitted), *petition for cert. filed,* 70 U.S.L.W. 3292 (U.S. Oct. 15, 2001) (No. 01–633).

Allowing tolling after the Appeal Period expires does not promote exhaustion of state remedies, because a prisoner ordinarily has no remedies available at that point. It is true that state courts frequently suspend or create exceptions to

their procedural rules, and that review may therefore be available even after applicable deadlines have expired. The Fifth, Seventh, and Tenth Circuits have accounted for this possibility by allowing tolling during the Review Period, while the untimely petition is actually under consideration by the state court. *See Melancon,* 259 F.3d at 405; *Gibson,* 232 F.3d at 807; *Fernandez,* 227 F.3d at 979–80. We believe this is sufficient and that a contrary approach would undermine the statute of limitations by allowing state courts to extend indefinitely the time for seeking federal review. *See Melancon,* 259 F.3d at 407. Accordingly, we join the Fifth, Seventh, and Tenth Circuits in disallowing tolling during the Post Deadline Period.

### B.

■ In light of the holding stated above, we must decide whether Allen timely filed his certiorari petition. The challenge in this inquiry lies in the absence of a fixed appellate deadline under North Carolina law.

■ Under North Carolina law, a non-capital prisoner whose MAR is denied by the superior court may seek review by filing a petition for certiorari in the North Carolina Court of Appeals. *See* N.C. Gen. Stat. § 15A–1422(c)(3) (1999); N.C. R.App. P. 21(e). The petition must be filed "without unreasonable delay." N.C. R.App. P. 21(c). In general, this requirement is met if the petition would not be subject to dismissal under the equitable doctrine of laches. *See White Oak Props., Inc. v. Town of Carrboro,* 313 N.C. 306, 327 S.E.2d 882, 886 (1985).

■ Allen's petition was not dismissed as untimely. It does not follow, however,

that there was no "unreasonable delay" under Rule 21(c); the court of appeals may simply have opted to "excuse[ ] the untimeliness as a matter of state law and rule[ ] on the merits." *Fernandez*, 227 F.3d at 981. On the other hand, we cannot say that Allen's petition was necessarily untimely solely because it was filed more than four years after the denial of his MAR. "The doctrine of laches ... is not based upon mere passage of time; it will not bar a claim unless the delay is (i) unreasonable and (ii) injurious or prejudicial to the party asserting the defense." *Patterson ex rel. Jordan v. Patterson*, 137 N.C.App. 653, 529 S.E.2d 484, 492 (internal quotation marks omitted), *review denied*, 352 N.C. 591, 544 S.E.2d 783 (2000).

■ Accordingly, Allen must be afforded an opportunity to explain the lengthy delay between the denial of his MAR and the filing of his certiorari petition. We therefore vacate the decision of the district court and remand for further proceedings (including an evidentiary hearing, if necessary) to determine whether Allen's certiorari petition was timely. If it was not, then the district court must determine when the Appeal Period ended and how much time subsequently accrued against the statute of limitations.[3]

### III.

For the foregoing reasons, we vacate the decision of the district court and remand for further proceedings to determine how much time accrued against the statute of

---

3. Of course, because the statute of limitations established by § 2244(d) is not jurisdictional, *see Harris v. Hutchinson*, 209 F.3d 325, 328–29 (4th Cir.2000), the State is free to abandon this argument and consent to consideration of the merits of Allen's petition, *see Green v. United States*, 260 F.3d 78, 85 (2d Cir.2001)

limitations and to conduct such additional proceedings as may be necessary.

*VACATED AND REMANDED.*

(allowing filing of untimely federal post-conviction petition based on Government's waiver of statute of limitations). We imagine that this approach will often be less burdensome for the State than a hearing to determine when the Appeal Period elapsed.