UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JESSIE JAMES CORBETT,
          *Petitioner-Appellant,*

v.                                        No. 01-7000

J. McDADE, Warden,
          *Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-01-257-5-H)

Argued: May 6, 2002

Decided: July 25, 2002

Before NIEMEYER and GREGORY, Circuit Judges, and
C. Arlen BEAM, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Michael W. Patrick, LAW OFFICE OF MICHAEL W.
PATRICK, Chapel Hill, North Carolina, for Appellant. Clarence Joe
DelForge, III, Assistant Attorney General, NORTH CAROLINA
DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appel-
lee. **ON BRIEF:** Roy Cooper, Attorney General, NORTH CARO-

LINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Petitioner appeals from the denial of his petition for habeas corpus.
The district court dismissed the petition, and we affirm.

### I.

Jesse James Corbett was convicted of first-degree murder on April
23, 1993, after a jury trial in the Superior Court of Pender County,
North Carolina. He was sentenced to life in prison, and the Supreme
Court of North Carolina affirmed his conviction on December 4,
1994. *See State v. Corbett*, 339 N.C. 313, 451 S.E.2d 252 (1994).
Petitioner, through counsel, filed a motion for appropriate relief
(MAR) in the Superior Court of Pender County in 1997. After a hear-
ing, the MAR was denied on February 9, 1998.

On March 30, 2001, Corbett filed a *pro se* petition for habeas cor-
pus in the United States District Court for the Eastern District of
North Carolina, raising three grounds for relief. He claimed 1) denial
of his privilege against self-incrimination, 2) ineffective assistance of
counsel for his counsel's failure to present alibi witnesses or evidence
that other persons had motive to commit the murder, and 3) use of a
coerced confession. Regarding his first claim, Corbett's petition
stated:

> I was never read my Miranda Rights *before* I was ques-
> tioned at all times mentioned. Police claimed that they did
> not have to do so pursuant enactment-section 3501. Peti-

tioner asserts that his incriminating statements were made due to an overabundance of frustrations subjected him by police repeated questionings, though he is innocent.

J.A. 7 (errors in original). His petition stated that the Supreme Court's recent decision in *Dickerson v. United States*, 530 U.S. 428 (2000), changed the law and overturned 18 U.S.C. § 3501, "under which I was convicted by a so-called confession." J.A. 8.

The district court denied the petition on its merits without requiring a response from the state. The court's dismissal order explained:

> Petitioner contends § 3501 was used by police who claimed they did not have to read him his *Miranda* rights. However, the statute in question is a federal statute, applicable to individuals who are arrested on federal charges, not those arrested on state charges. *United States v. Alvarez-Sanchez*, 511 U.S. 350 (1994). Therefore, the decision in *Dickerson*, the case on which Petitioner relies as the basis for this petition, is inapplicable to his case because he was arrested and convicted on state charges.

J.A. 13. On May 21, 2001, Corbett filed a pro se "Motion for Reconsideration, Rule 60(B) or/ In the Alternative, Notice of Appeal." In the motion, he complained that the district court had only addressed his first ground for relief. On June 6, 2001, the district judge denied the motion for reconsideration, and stated that "the court did not address Petitioner's remaining claims because the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year period of limitation in all habeas corpus petitions filed by state inmates. 28 U.S.C. § 2244(d)." J.A. 24.

## II.

We review *de novo* a district court's grant or denial of a writ of habeas corpus on questions of law. *United States v. Hopkins*, 268 F.3d 222, 224 (4th Cir. 2001). In conducting such a review, "we are not restricted to the basis upon which the district court made its ruling, but may affirm on any legal or factual basis fairly presented in the

district court." *Id.* (quoting *PHP Healthcare Corp. v. EMSA Ltd. P'ship*, 14 F.3d 941, 945 (4th Cir. 1993)); *see also In re Maco Homes*, 180 F.3d 163, n.4 (4th Cir. 1999) ("[W]e may affirm the district court on grounds other than those stated in the order below.").

III.

State prisoners seeking habeas corpus relief are subject to a one year period of limitation, which generally runs from the date on which the judgment became final by the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A). However, the one year period of limitation may run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2244(d)(1)(C). Corbett filed his pro se petition almost seven years after the North Carolina Supreme Court affirmed his conviction, and over three years after his MAR was denied in 1998. He claims that *Dickerson v. United States*, 530 U.S. 428 (2000), set forth a new constitutional rule that should be made retroactively applicable to cases on collateral review. He therefore argues that his petition, filed within a year of the *Dickerson* decision, was not time-barred and should not have been dismissed by the district court.

Though the district court did dismiss two of Corbett's claims as time-barred, it dismissed his first claim *on the merits*.[1] *Ante* at 3. Even if we were to assume, without deciding, that the district court was correct to address the merits of Corbett's first claim, and that the claim was not time-barred,[2] we find that the district court was correct in dismissing the petition because the North Carolina courts specifically applied *Miranda*, and found that Corbett's *Miranda* rights had not been violated.

---

[1]The other two grounds for relief asserted by Corbett did not relate to the claimed new rule set forth in *Dickerson*, and were thus certainly time-barred. We decline to address them further.

[2]Given that § 2244(d)(1)(C) requires both that the right asserted be newly recognized and made retroactively applicable to cases on collateral review, this indeed is quite an assumption.

After citing and applying both *Miranda v. Arizona*, 384 U.S. 436 (1966), and *Edwards v. Arizona*, 351 U.S. 477 (1981), the Supreme Court of North Carolina found that Corbett was not in custody when he confessed to the murder and thus no warnings were required.[3] *State v. Corbett*, 339 N.C. at 327, 451 S.E.2d at 259. The Court did not apply § 3501, and it did not find that the federal statute somehow relieved North Carolina from the *Miranda* requirements. Allowing Corbett to reassert his *Miranda* claims would amount to nothing more than a "do over," thus we find that on the merits, Corbett's petition for habeas corpus warranted dismissal.

IV.

For the foregoing reasons, we affirm the order of the district court.

*AFFIRMED*

---

[3]Though the decision of the Supreme Court of North Carolina was not included in the record, the published opinion is available for review in both the North Carolina and South Eastern (Second) reporters. *State v. Corbett*, 339 N.C. 313, 451 S.E.2d 252 (1994).