**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ANTHONY J. OSTRANDER,
*Petitioner-Appellant,*

v.

RONALD J. ANGELONE,
*Respondent-Appellee.*

No. 01-7971

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CA-01-801-7)

Submitted: March 20, 2002

Decided: August 26, 2002

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Anthony J. Ostrander, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Anthony J. Ostrander appeals the district court's order dismissing as untimely his petition under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2001), in which he asserted claims of ineffective assistance of trial and appellate counsel.* Because the present record contains some ambiguities regarding the dates Ostrander filed his state habeas corpus petitions, and because he submitted new evidence on appeal that may call into question the district court's conclusion that the petition was untimely, we vacate and remand for further proceedings.

Ostrander was convicted in Virginia state court of malicious wounding on March 6, 1998. His direct appeal was finally denied on March 3, 1999. He contended that he filed a state habeas petition in the Circuit Court for the City of Roanoke, Virginia, which was denied on May 2, 2001, and a state habeas petition in the Supreme Court of Virginia, which was denied October 1, 2001.

Ostrander's § 2254 petition was filed on October 8, 2001. *See Houston v. Lack*, 487 U.S. 266 (1988). The district court advised Ostrander that his petition appeared to be untimely, and directed him to inform the court of the date upon which he filed the habeas petition in the Supreme Court of Virginia. The court also directed Ostrander to present any additional arguments or evidence regarding the timeliness of the petition. In response to this order, Ostrander averred that he mailed the habeas petition to the Virginia Supreme Court "on or about July 24, 2001." (R. 4). The district court denied the petition as untimely.

---

*Ostrander's petition also alleged ineffective assistance of habeas counsel and an erroneous ruling by the state habeas court as grounds for relief. The district court found Ostrander was not entitled to relief on these claims. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bryant v. Maryland*, 848 F.2d 492 (4th Cir. 1988). Ostrander does not raise these issues on appeal, so he has waived appellate review of these claims. 4th Cir. R. 34(b).

On appeal, Ostrander claims his § 2254 petition was timely filed. He argues the district court erred in failing to toll the running of the one-year statute of limitations prescribed by 28 U.S.C.A. § 2244 (West 1994 & Supp. 2001), for the period during which his state habeas petition was pending in the Circuit Court of the City of Roanoke. He submitted, as an attachment to his informal brief, a copy of a receipt for a filing fee from the Roanoke Circuit Court dated March 3, 2000. The receipt bears notations including "FILING: WHC," and "WRIT TAX." Although this receipt may be indicative of the date Ostrander filed his petition in the Roanoke Circuit Court, we cannot say for certain that this is the case.

The district court's order inquired as to the date Ostrander filed his petition in the Virginia Supreme Court, but did not inquire as to when he filed his petition in the City of Roanoke Circuit Court. Further, the district court did not determine the date Ostrander's state petition was actually filed in the Supreme Court of Virginia. Moreover, if the petition to the Virginia Supreme Court was properly filed, *see* Va. Code Ann. § 8.01-671(A)(i) (Michie 2000); Va. Code Ann. § 17,1-406(B) (Michie 1999), the time between the Roanoke Circuit Court's order and the filing in the Supreme Court of Virginia should also be tolled. *See Carey v. Saffold*, ___ U.S. ___, 2002 WL 1305725 (U.S. June 17, 2002) (No. 01-301); *Allen v. Mitchell*, 276 F.3d 183, 185 (4th Cir. 2001). Taking these periods of tolling into consideration, it is possible that Ostrander's petition is timely.

Because we cannot say, based on the record before us, that Ostrander is not entitled to relief from the effect of the one-year limitations period, we vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*