**Marvin Ferlander McCONNELL, Petitioner,**

v.

**Theodis BECK, Secretary of the North Carolina Department of Correction, Respondent.**

No. 1:05 CV 00085.

United States District Court, M.D. North Carolina.

Apr. 5, 2006.

Marvin Ferlander McConnell, Marion, NC, pro se.

Clarence Joe Delforge, III, N. C. Department of Justice, Raleigh, NC, for Respondent.

## JUDGMENT

OSTEEN, District Judge.

On February 28, 2006, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. No objections were filed within the time limits prescribed by Section 636.

Therefore, the Court need not make a *de novo* review and the Magistrate Judge's Recommendation is hereby adopted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that respondent's motion to dismiss (docket no. 5) is granted, that his alternative motion to dismiss for nonexhaustion (docket no. 11) is denied for being moot, that the habeas petition (docket no. 2) is denied, that this action is dismissed, and that finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is denied.

### *RECOMMENDATION OF MAGISTRATE JUDGE ELIASON*

ELIASON, United States Magistrate Judge.

Petitioner, a prisoner of the state of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a previous Order entered on August 3, 2005, the Court set out the relevant procedural history of the case. That history is as follows:

> On September 14, 1994, in the Superior Court of Forsyth County, petitioner pled guilty to first-degree burglary, second-degree arson, attempted first-degree rape, and indecent liberties in cases 94 CRS 20053, 21039, 28085, and 28086. He then received a consolidated sentence of 36 years of imprisonment.

Petitioner did not file a direct appeal, but did file a motion for appropriate relief on September 13, 1995. This was denied on September 22, 1995. So far as the record reflects, petitioner never sought a writ of certiorari from the North Carolina Court of Appeals. However, he did later file a second motion for appropriate relief on May 28, 1997. This too was summarily denied and petitioner did seek certiorari from this denial. His petition for certiorari was denied by the North Carolina Court of Appeals on February 5, 1998. The record does not reflect that petitioner filed anything further until he submitted his habeas petition to this Court on January 27, 2005.

*McConnell v. Beck,* No. 1:05CV00085, 2005 WL 1869233, *1 (M.D.N.C. August 3, 2005).

■ Based on the history set out above, respondent moved to have the case dismissed on the ground that petitioner's claims were time barred under the one-year period of limitation set out under the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104–132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). As was noted in the prior Order, prisoners whose convictions became final prior to the effective date of AEDPA had one year, *i.e.* to and including April 23, 1997, to file a Section 2254 petition. *Brown v. Angelone,* 150 F.3d 370, 375 (4th Cir.1998). However, the one-year limitation period is tolled while state post-conviction proceedings are pending. *Harris, supra.* The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir.1999), *cert. denied,* 528 U.S. 1197, 120 S.Ct. 1262, 146 L.Ed.2d

117 (2000). *See generally Carey v. Saffold,* 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).

■ It is clear that the second Motion for Appropriate Relief (MAR) filed in 1997, with certiorari denied in 1998, is untimely by over five years. As to the first MAR, certiorari has never been sought by petitioner; yet, respondent argued in his first brief that the claim was untimely by eight years. By implication, this meant that the statute would have had to begin to run upon the effective date of AEDPA even though certiorari to the state court of appeals had not been sought. The problem with respondent's argument is that unlike most states which set a definite time for a post-conviction appeal to be filed, North Carolina only requires dismissal of a petition which was unreasonably delayed. N.C.R.App. P. 21(e)(whoever "unreasonably delays in filing"). This leaves an indeterminate period for the filing of the certiorari petitions and the North Carolina Courts have never defined the phrase. Nothing else appearing, under *Taylor v. Lee, supra,* the original 1995 MAR would still be pending and the statute of limitation would be tolled as to it now and indefinitely, so long as petitioner did not petition for certiorari.

While such a result seemed improbable, respondent did not specifically address this problem. For this reason, respondent was ordered to explain his position or, in the alternative, to file an answer and address petitioner's claims on their merits or on the matter of exhaustion.

Addressing his argument that petitioner's claims are time barred, respondent admits that he has not been able to find any authority addressing the issue of what constitutes "reasonable" time for seeking a petition for certiorari in North Carolina. However, he continues to argue that petitioner has waited for an unreasonable

amount of time to file the petition and asserts that petitioner should be deemed to have abandoned the state review process for the claims contained in the 1995 MAR. Finally, he points to a factually similar unpublished case from the Fourth Circuit Court of Appeals, where a District Court in North Carolina held that the time bar applied. This decision was upheld without discussion or explanation. *Corbett v. McDade*, 42 Fed.Appx. 562 (4th Cir.), *cert. denied*, 537 U.S. 1005, 123 S.Ct. 495, 154 L.Ed.2d 403 (2002). Respondent concludes that a similar result is appropriate here.[1]

Because of the recently issued Supreme Court opinion in *Evans v. Chavis*, —— U.S. ——, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006), the Court concludes that respondent's request for dismissal based on the limitations period should be granted. Before addressing that case, some background is necessary in order to understand its impact.

While the indeterminate time period allowed by North Carolina between the trial and appellate levels of its collateral review process is not typical, it is also not wholly unique. The State of California actually has a similar feature in its collateral review process. *Carey*, 536 U.S. at 222, 122 S.Ct. at 2139. The United States Supreme Court addressed California's collateral review process in the AEDPA tolling context on two occasions, *i.e.* first in *Carey*, and next in *Evans*. In *Carey*, the Supreme Court determined that in states which had a definite appeal time, a post-conviction petition remained "pending" and subject to the tolling provisions of 28 U.S.C. § 2244(d)(2) from the time of filing to resolution of a timely appeal. Seeking to preserve and promote the goal of exhaustion of state court remedies, the Supreme Court found California's post-conviction process not to be dissimilar to that of states with traditional appeals.[2] It further held that it was up to the federal courts deciding habeas petitions to determine whether the delay in filing for state court appellate review was reasonable if state law had not defined it. *Evans*, —— U.S. ——, 126 S.Ct. at 852, 163 L.Ed.2d 684 (discussing *Carey* ). However, other than setting certain boundaries, the mechanism for making this determination was not sharply defined. *Carey*, 536 U.S. at 226–227, 122 S.Ct. at 2141.

Early this year, in *Evans*, the Supreme Court returned to the problem presented by California's indeterminate reasonable time rule and its effect on the tolling of the one-year AEDPA limitation period. *Evans* involved a petitioner who waited more than three years between the time his original attempt at collateral review was denied and the time he sought appellate

---

1. Respondent has also filed a motion requesting that, if the Court rejects his argument that petitioner's claims are time barred, the Court also find that petitioner's claims are unexhausted and dismiss them as such. Because of the outcome of his original motion to dismiss the petition for being time barred, respondent's alternative motion to dismiss for lack of exhaustion will be moot and should be denied.

2. The California collateral review process is further removed from the traditional appeal process than is North Carolina's. In North Carolina, a petitioner *must* seek discretionary review of the denial of his petition without unreasonable delay. In California, the petitioner *can* file an original writ in the appellate court which could contain issues litigated below and/or new issues. *Carey v. Saffold*, 536 U.S. 214, 221–222, 122 S.Ct. 2134, 2139, 153 L.Ed.2d 260 (2002). The timeliness for seeking the appellate writ is judged under a "due diligence" standard. *Id.* at 235, 122 S.Ct. at 2146 (Kennedy, J., dissenting). Nevertheless, the Supreme Court found that in "practice," the California review process functioned similarly to those states with a traditional appeal process. *Id.* at 222, 122 S.Ct. at 2139.

review. Moreover, even if all causes for delay were accepted, at least six months of this delay could not be explained or justified. The Ninth Circuit Court of Appeals, however, did not look at the amount or cause of delay. Instead, it found that the filing was automatically reasonable because the California Supreme Court denied his appeal on the merits as opposed to finding that it was time barred. It found the California Supreme Court's decision to be an implicit finding of reasonableness even though that court did not explicitly state that the filing was made within a reasonable time. *Evans,* — U.S. at —, 126 S.Ct. at 852.

The United States Supreme Court reversed. It not only held that the state court dismissal of a petition on the merits did not automatically mean the petition was timely, but also provided guidance on how to conduct a reasonableness analysis by doing so itself. The Supreme Court started by noting the dearth of guidance from the California courts and legislature. In absence of clear guidance from the state, the Supreme Court found highly significant the fact that *Carey* extended the unitary tolling policy (*i.e.* tolling from initial filing of the petition to the disposition of the appeal) to California post-conviction proceedings "*on the assumption* that California law in this respect did not differ significantly from the laws of other States, *i.e.* that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate rules." *Id.* at —, 126 S.Ct. at 853. It reiterated from *Carey* that most states allow determinate appeal periods of 30 to 60 days. From this, the Supreme Court concluded that even the six months of unexplained delay was more than California would consider reasonable. More importantly, it added that it did not "see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word 'pending' as interpreted in *Carey.*" *Id.* at —, 126 S.Ct. at 854.[3] It held that the petition was time barred under AEDPA.[4]

The holdings in *Evans* compel an identical outcome in the case at bar. As respondent reports, North Carolina has not defined what constitutes unreasonable delay for purposes of N.C.R.App. P. 21(e). The time for filing appeals in civil cases is thirty days and fourteen days for criminal cases. N.C. R.App. P. 3(c) & 4(a). The largest amount of time to seek appellate review is sixty days, and it is reserved for post-conviction appellate review of death penalty · cases. N.C.R.App. P. 21(f). Therefore, it is unlikely North Carolina would interpret N.C.R.App. P. 21(e) to extend beyond thirty days, except perhaps for brief, limited periods in very unusual circumstances, which do not arise in this case.

In this case, respondent has presented a prima facie showing that the first MAR is barred by the one year AEDPA limitation period. Petitioner has failed to rebut it. He has now waited for more than eleven years without seeking review of the denial of his 1995 MAR. He has not explained why he has not done so, particularly in light of the fact that he was able to file another MAR in 1997 and was able to seek

---

3. Presumably, were a state for some reason to adopt an unreasonably long period for filing an appeal, the Supreme Court would have to reexamine whether that state's appeal process was truly a unitary one for AEDPA tolling purposes.

4. Evans had indisputably let all but two days of his one-year filing period run. Therefore, the six months of unexplained and unreasonable delay placed his petition well outside of the one-year limit. *Evans v. Chavis,* — U.S. —, 126 S.Ct. 846, 854, 163 L.Ed.2d 684 (2006)

appellate review of the denial of that motion. He was also able to file his habeas petition in this Court. He obviously has, and has had in the past, the ability to file for appellate review of the denial of his 1995 MAR. He has chosen not to do so. Like the Supreme Court found in *Carey*, it is inconceivable that North Carolina would not find that amount of delay to be unreasonable. More importantly, based on *Evans*, "an unexplained delay of this magnitude" would not "fall within the scope of the federal statutory word 'pending'" for purposes of tolling. *Id.* at ——, 126 S.Ct. at 854. For this reason, petitioner cannot take advantage of his own neglect to gain more than eleven years of tolling. His petition is out of time under AEDPA, and it should be dismissed.[5]

**IT IS THEREFORE RECOMMENDED** that respondent's motion to dismiss (docket no. 5) be granted, that his alternative motion to dismiss for nonexhaustion (docket no. 11) be denied for being moot, that the habeas petition (docket no. 2) be denied, and that Judgment be entered dismissing this action.

Feb. 28, 2006.

---

5. In finding that petitioner's claims should be time barred, the Court is mindful of the case of *Allen v. Mitchell*, 276 F.3d 183, 186–187 (4th Cir.2001). In that case, the Fourth Circuit Court of Appeals, drawing on North Carolina zoning law, determined that North Carolina courts would likely use the equitable doctrine of laches to decide whether a defendant's delay in appealing for collateral review would be unreasonable or not. However, that case was decided before *Carey* and, more importantly, before *Evans* which clarified the Supreme Court's view of the limits of the term "pending" in the AEDPA tolling statute. Therefore, the Fourth Circuit's analysis did not have the benefit of the later guidance from the Supreme Court and, naturally, did not address the issue in light of the reasoning used in those cases. For this reason, it is determined that the Fourth Circuit would now follow *Carey* and *Evans* as set out above.