DAVIS, Circuit Judge,
dissenting:
The majority affirms the dismissal of Escalante’s petition under 28 U.S.C. § 2254 for two alternative reasons: because the federal petition was untimely, and because Escalante procedurally defaulted his claims. With respect, I dissent.
First, the majority opinion too easily approves of the district court’s hasty dismissal of this case as untimely (a mere fifteen days after it was filed) on a record that lacks evidence showing that Escalante actually failed to include “assignments of error” in his state court petition for appeal, as required by Virginia Supreme Court Rule 5:17(c). Rule 4 of the Rules Governing Section 2254 Cases requires a district court to dismiss a petition only if it “plainly appears ... that the petitioner is not entitled to relief.” Rule 4, 28 U.S.C. foil. § 2254 (emphasis added). Moreover, we “interpret the efforts of a pro se petitioner liberally.” Fields v. Atty. Gen. State of Md., 956 F.2d 1290, 1298 n. 20 (4th Cir.1992).
In Escalante’s response to the district court’s sua sponte invocation of the Commonwealth’s timeliness defense, he asserted that he “did list[] assignments of errors as required by the Court and did mention the trial court’s errors through the Petition,” but that he “apparently did not do so in compliance and perfection of the Court Rules.” J.A. 92 (emphasis added). Bearing in mind that Escalante’s pro se pleadings are to be liberally construed, at minimum Escalante’s response raised a question about the contents of his underlying petition for appeal. He clearly did not “concede! ]” or “admi[t],” Maj. Op. at 698, 701, a complete failure to conform with the requirements of Rule 5:17(c). Thus, it did not “plainly appear!]” on the record before the district court that Escalante’s petition for appeal failed to comply with Rule 5:17(c).
Given that Escalante’s response, liberally construed, disputed the district court’s perception that he had failed to comply with Rule 5:17(c), in my view the district court committed reversible error by failing to require the Commonwealth to file a response to Escalante’s § 2254 petition that (presumably) would have included the disputed petition for appeal. The majority impliedly concludes that Escalante, rather than the Commonwealth, had the burden to produce the petition for appeal to support the Commonwealth’s timeliness defense. The majority’s approach conflicts with the Rules Governing § 2254 Cases, *702 which “recognize that the state is much better able to access the state court record.” Griffin v. Rogers, 308 F.Bd 647, 653 (6th Cir.2002); see Rule 5(c)-(d), 28 U.S.C. foll. § 2254 (requiring a § 2254 respondent to include petitioner’s appellate briefs, state court appellate decisions, relevant state court transcripts, and additional transcripts or narrative summaries of state court proceedings upon the court’s order.). As the Eleventh Circuit has explained, “The obligation to come forward with the state court record is squarely upon the respondent, not the petitioner.” Bundy v. Wainwright, 808 F.2d 1410, 1415 (11th Cir.1987).
In short, the ambiguity of Escalante’s response required the district court to review the state court record, and the burden to produce that record was on the Commonwealth. Because the district court did not order the Commonwealth to respond to Escalante’s petition, I would vacate the judgment and remand for further proceedings.
Second, there is another reason it did not “plainly appear[ ]” from Escalante’s federal habeas petition, see Rule 4, 28 U.S.C. foil. § 2254, that Escalante’s federal habeas petition was untimely. The one-year period of limitations under § 2244(d)(1) is tolled while “a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.” 28 U.S.C. § 2244(d)(2). This “includes the period between (1) a lower court’s adverse determination, and (2) the prisoner’s filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law.” Evans v. Chavis, 546 U.S. 189, 191, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006) (citing Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002)). If a notice of appeal is timely filed, then the tolling period continues until “final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review).” Taylor v. Lee, 186 F.3d 557, 561 (4th Cir.1999).
Neither this court nor the Supreme Court has addressed whether a state application for appeal (as opposed to an original state habeas petition) is an “application” that must be “properly filed” under 28 U.S.C. § 2244(d)(2).* That is, there is an open legal question as to whether a prisoner’s filing of a timely but somehow deficient notice of appeal continues to toll the federal limitations period until the state appellate court denies review or otherwise rejects the prisoner’s appeal. This open legal question could be dispositive as to the timeliness of Escalante’s federal § 2254 petition. The AEDPA one-year statute of limitations began running on March 18, 2009, when Escalante’s conviction became final. 28 U.S.C. § 2244(d)(1)(A). The limitations period was tolled on September 14, 2009, when Escalante filed his state habeas petition in the Pittsylvania County Circuit Court, at which point 180 days had passed. *703 The Pittsylvania County Circuit Court denied and dismissed Escalante’s state habe-as petition on December 15, 2009. The Virginia Supreme Court “refused” his petition for appeal because it was not “perfected,” on July 27, 2010. J.A. 50.
The district court assumed, and the majority apparently agrees, that Esca-lante’s petition for appeal was an “application” that had to be “properly filed,” and therefore if the petition for appeal was improperly filed the statutory tolling period ended, retroactively, as of the date the Pittsylvania County Circuit Court dismissed his state habeas petition. We need not and should not decide that question at this stage, however. Because the district court declined to order the Commonwealth to respond to Escalante’s federal petition, the court could only dismiss the petition if it “plainly appearfed] from the petition” that it was untimely. Rule 4, 28 U.S.C. foil. § 2254. Separate from the question whether in fact Escalante failed to comply with Virginia Supreme Court Rule 5:17(e), see supra, this non-frivolous legal question precludes a finding that Escalante’s federal petition plainly was untimely.
The majority neither acknowledges that open legal question nor explains why it is electing to follow Allen’s dicta. Nor does it explain, even if under federal law, despite the timely filing of a notice of appeal, a state petition for appeal must be “properly” (not just timely) filed, (1) why, under Virginia practice, a petition for appeal is an “application” that must be “properly filed”; (2) why any and all defects in a pro se litigant’s composition of his “assignments of error” under Virginia practice defeat a finding that the petition was “properly filed” as a matter of federal law; or (3) why “perfecting an appeal” under Virginia law, as the district court put it, is invariably necessary to “properly file” an “application” under § 2244(d)(2). Instead of addressing these questions, the majority relies on Christian v. Baskerville, 232 F.Supp.2d 605 (E.D.Va.2001), which in turn relied on dicta from Rodgers v. Angelone, 113 F.Supp.2d 922 (E.D.Va.2000), aff'd, 5 Fed.Appx. 335, 2001 WL 265336 (4th Cir.2001), to conclude that Escalante is not entitled to statutory tolling from the time the circuit court denied his state writ of habeas corpus until the time the Virginia Supreme Court refused his petition for appeal for failing to include adequate assignments of error in his petition for appeal. I do not believe the reasoning of Christian, or the district court’s or the majority’s reliance thereon, supports the conclusion that Escalante’s federal petition plaihly was untimely, permitting its summary dismissal.
Finally, for similar reasons, the district court erred in concluding that, even if Es-calante’s federal petition was timely, his failure to compose sufficient “assignments of error” resulted in procedural default of his claims, see Escalante v. Watson, 2010 WL 3489041, *1, n. 6 (W.D.Va. Aug. 31, 2010). The district court could only excuse the Commonwealth from responding to Escalante’s petition if it “plainly ap-pearfed]” under Rule 4 that Escalante was not entitled to relief, either because the federal petition was untimely or because Escalante’s claims had been procedurally defaulted. The factual predicate for both of the district court’s conclusions was its finding that Escalante had failed to comply with Virginia Supreme Court Rule 5:17(c). For the reasons discussed above, such was not plainly apparent from the record. Therefore, the district court should have required the Commonwealth to file a response addressing both grounds.
For these reasons, I am unable to join the majority opinion. I would vacate the *704 judgment and remand this action for further proceedings in the district court.

 In Allen v. Mitchell, 276 F.3d 183 (4th Cir.2001), we mentioned that the federal limitations period is tolled while a state habeas petition is on appeal "if the appellate petition was 'properly filed.’” Id. at 185. To the extent that implies that failing to "properly” file a timely notice of appeal precludes tolling during an appeal period, the statement is dicta. The issue in Allen was whether the limitations period was tolled between the expiration of the state appeal deadline and the subsequent filing of an untimely appellate petition. Here, unlike in Allen (and unlike in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)), the question is not whether Escalante’s notice of appeal was timely filed (it clearly was), but rather whether his subsequent "petition for appeal” was "properly” filed, insofar as Virginia practice requires that such a document contain “assignments of error.”