**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6815**

SALRAMON GONZALES, a/k/a Alex Ramirez,

                Petitioner - Appellant,

    v.

ENNIS T. OATES,

                Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:12-hc-02045-D)

Submitted: July 30, 2015        Decided: October 16, 2015

Before WILKINSON and GREGORY, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Salramon Gonzales, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Salramon Gonzales seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's order denying relief on his 28 U.S.C. § 2254 (2012) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

In United States v. McRae, 793 F.3d 392 (4th Cir. 2015), we "address[ed] the question 'whether, in light of Reid . . . and Gonzales v. Crosby, 545 U.S. 524 (2005), [a habeas applicant]'s

2

appeal of the district court's dismissal of his Rule 60(b) motion as an unauthorized successive § 2255 motion is subject to the certificate of appealability requirement.'" Id. at 396. We held that no certificate of appealability is required for this Court to "address the district court's jurisdictional categorization of a Rule 60(b) motion as a successive habeas petition." Id. at 398.

Importantly, McRae abrogates the COA requirement only in the narrow situation where the district court construes a Rule 60(b) motion as a successive habeas petition. See id. at 400 n.7 (noting that McRae represents "an abrogation of only a small part of Reid's reasoning" and that "Reid's reasoning remains almost entirely intact"). Applying Reid and McRae here, we hold that appellate review of the district court's order denying Gonzales' Rule 60(b) motion is subject to the COA requirement. The district court did not recharacterize Gonzales' postjudgment filing as a successive § 2254 petition, and it otherwise did not reject the motion on jurisdictional grounds. See Allen v. Mitchell, 276 F.3d 183, 187 n.3 (4th Cir. 2001) ("statute of limitations established by § 2244(d) is not jurisdictional").

For the reasons set forth, we conclude that Gonzales has not demonstrated he is entitled to relief. Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED