**Daniel R. CHRISTIAN, Petitioner,**

v.

**Alton BASKERVILLE, Warden, Respondent.**

**No. CIV.A. 00–20–AM.**

United States District Court,
E.D. Virginia,
Alexandria Division.

May 7, 2001.

Daniel A. Christian, State Farm, VA, Pro se.

Donald Eldridge Jeffrey, III, Office of the Attorney General Criminal Litigation Section, Richmond, VA, for Respondent.

## MEMORANDUM OPINION

CACHERIS, District Judge.

Petitioner filed this petition under 28 U.S.C. § 2254, challenging his state court conviction. By Order dated August 31, 2000, the Court directed respondent to show cause why the writ should not be granted. In response, on October 30, 2000, respondent filed a Motion to Dismiss. On November 14, 2000, petitioner filed a Brief in Opposition to respondent's Motion to Dismiss. The matter is thus ripe for disposition. Because the petition was not brought within the applicable limitations period, it must be dismissed.

Petitioner was convicted of robbery, use of a firearm in the commission of a robbery, abduction, and possession of a concealed weapon by a felon in the Circuit Court for the County of Hannover on June 2, 1997. Thereafter, petitioner filed a petition for appeal in the Court of Appeals of Virginia, where his appeal was denied on December 1, 1997. Petitioner then appealed to the Supreme Court of Virginia, where his petition for appeal was dismissed on March 13, 1998. Petitioner then filed a petition for writ of certiorari in the Supreme Court of the United States, which was denied on October 5, 1998. Petitioner's conviction was thus final on October 5, 1998.

As required by 28 U.S.C. § 2244(d), a federal district court must dismiss any petition for a writ of habeas corpus filed later than one year after: (1) the date judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Petitioner has alleged no facts that make any of the latter three options relevant here. Accordingly, the only question is whether petitioner filed the instant petition for a writ of habeas corpus within one year after the date judgment became final.

In calculating that one year period, however, the Court must exclude the time during which state collateral proceedings pursued by petitioner were properly filed. See 28 U.S.C. § 2254(d)(2). The period between February 17, 1999, the date petitioner filed for state habeas relief in the Circuit Court for the County of Hannover, and April 30, 1999,[1] the date his petition for state habeas relief was denied, is excludable from the limitations period under § 2244(d)(1). See § 2244(d)(2). The respondent, however, challenges the exclusion of the time during which the petitioner contends his appeal from the denial of habeas relief was before the Supreme Court of Virginia.

On May 17, 1999, petitioner initiated an appeal in the Supreme Court of Virginia by filing a Notice of Appeal, challenging

---

**1.** Petitioner may not have the benefit of tolling under § 2244(d)(2) during the time in which he could have filed an appeal to the Circuit Court of the County of Hannover's dismissal of his state habeas petition. Because, as will be discussed, petitioner never perfected his appeal, "his state petition ceased to be 'pending' on the date of the trial court's decision," which was April 30, 1999. *Rodgers v. Angelone,* 113 F.Supp.2d 922, 930 (E.D.Va.2000), *aff'd,* 5 Fed.Appx. 335, 2000 WL 265336 (4th Cir.2001).

the April 30, 1999, denial of habeas relief from the Circuit Court for the County of Hannover. Petitioner's appeal to the Supreme Court of Virginia was subsequently dismissed on November 30, 1999, for failure to perfect pursuant to Va. Sup.Ct. Rule 5:17(c). Specifically, the Supreme Court of Virginia dismissed his petition for appeal because he failed to include assignments of error as required by Va. Sup.Ct. Rule 5:17(c).[2]

Respondent argues that, because petitioner's appeal from the denial of habeas relief from the Circuit Court for the County of Hannover was not properly filed, petitioner may not exclude the time his appeal was before the Supreme Court of Virginia. Respondent contends, therefore, that petitioner's instant petition is time barred under § 2244(d)(1). Petitioner, in response, argues that the Supreme Court of Virginia improperly found that his petition for appeal failed to include the required assignments of error.

In order for the limitation period under § 2244(d)(1) to be to tolled under § 2244(d)(2) by an application for State post-conviction or other collateral review, that application must be "properly filed." § 2244(d)(2). The Supreme Court has recently considered the meaning of this language. *See Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). The Supreme Court held in *Artuz* that,

an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, *the form of the document,* the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Id.* at 364 (emphasis added). Moreover, just because a particular application is pending, does not mean that it was properly filed. For example, if an application is erroneously accepted by the clerk without the requisite filing fee, it will be pending, but not properly filed. *See id.* at 364.

In the instant case, petitioner's appeal of the denial of habeas relief in the Circuit Court of the County of Hannover was never properly filed within the meaning of § 2244(d)(2). Rule 5:17(c) requires that a petition for appeal include a list of the specific errors in the ruling below, upon which the appellant intends to rely, under a separate heading entitled "Assignments of Error." Va. Sup.Ct. Rule 5:17(c). Without such a list and heading, the petition does not meet the required form of the petition for appeal. Petitioner appears to argue that the Supreme Court of Virginia's determination was incorrect. It appears from the state habeas corpus records, however, that his petition for appeal, appealing the denial of habeas relief, did not include Assignments of Error as required by Va. Sup.Ct. Rule 5:17(c).

As petitioner failed to meet the form requirements for properly filing an appeal in the Supreme Court of Virginia, his appeal was not properly filed pursuant to § 2244(d)(2). *See Artuz,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213. Therefore, no time between April 30, 1999 (the date the Circuit Court of the City of Hampton denied his petition for state habeas relief), and November 30, 1999 (the date his appeal was dismissed for failure to perfect by the Supreme Court of Virginia), will be excluded in determining whether his petition is time barred under § 2244(d)(1).

---

2. Rule 5:17—Petition for Appeal
   (c) Form and Content—Under a separate heading entitled "Assignments of Error," the petition shall list specific errors in the rulings below upon which the appellant in-

tends to rely. Only errors assigned in the petition for appeal will be noticed by this Court... If the petition for appeal does not contain assignments of error, the appeal will be dismissed.

Thus, between October 5, 1998, the date petitioner's conviction became final, and February 17, 1999, the date petitioner filed his state petition for habeas relief, one-hundred and thirty-four days passed. The statute of limitations was then tolled from February 17, 1999, through April 30, 1999, the date the petitioner's petition for state habeas relief was dismissed by the Circuit Court for the County of Hannover. Petitioner then filed his petition for federal habeas relief, on December 22, 1999, after an additional two-hundred and thirty-five days. The two periods combined total three hundred and sixty-nine days, four days over the applicable one year statute of limitations appearing in § 2244(d)(2).[3] Therefore, even taking into account the time petitioner's claims were properly filed in state court for post-conviction relief, it is clear that he is beyond his one-year limit and his claims are time barred.

For the reasons set forth above, respondents' Motion to Dismiss must be granted and this petition for a writ of habeas corpus dismissed. An appropriate Order will issue.

---

**3.** It appears that petitioner stated in an affidavit filed March 31, 2000, that he filed the instant petition for federal habeas relief on December 20, 1999, and not December 22, 1999. Initially, the Court notes that this earlier date is highly unlikely, as his petition for habeas relief was signed and dated on December 22, 1999. Nonetheless, assuming petitioner did mail his petition on December 20, 1999, and not December 22, 1999, his petition is still untimely by two days.