UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-7240

HECTOR VASQUEZ ESCALANTE,

                Petitioner - Appellant,

        v.

BRYAN WATSON, Warden,

                Respondent - Appellee.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Samuel G. Wilson, District
Judge.  (7:10-cv-00370-sgw-mfu)

Argued:  March 22, 2012              Decided:  July 18, 2012

Before NIEMEYER, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished opinion.  Judge Wynn wrote the majority
opinion, in which Judge Niemeyer concurred.  Judge Davis wrote a
dissenting opinion.

**ARGUED**: Neal Lawrence Walters, UNIVERSITY OF VIRGINIA SCHOOL OF
LAW, Charlottesville, Virginia, for Appellant.  Benjamin Hyman
Katz, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond,
Virginia, for Appellee.  **ON BRIEF:** Scott Miglori, Third Year Law
Student, Kinal M. Patel, Third Year Law Student, UNIVERSITY OF
VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic,
Charlottesville, Virginia, for Appellant.  Kenneth T.
Cuccinelli, II, Attorney General of Virginia, Richmond,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

Petitioner Hector Vasquez Escalante appeals the district court's dismissal of his petition for writ of habeas corpus challenging his convictions and sentence in Virginia. He contends that the district court erred in dismissing his petition as untimely. For the reasons that follow, we affirm.

I.

On October 12, 2007, Escalante was convicted, in the Circuit Court of Pittsylvania County, Virginia, of abduction, robbery, malicious bodily injury, and use of a firearm in the commission of the three aforementioned felony offenses. That court sentenced him to a total of seventy-eight years' imprisonment.

On direct appeal, the Court of Appeals of Virginia affirmed his conviction on August 19, 2008 and the Supreme Court of Virginia denied Escalante's petition of appeal to that court on December 18, 2008. From that denial, Escalante did not seek a writ of certiorari from the Supreme Court of the United States.

However, on September 14, 2009, proceeding pro se, Escalante filed a state writ of habeas corpus petition in the Circuit Court of Pittsylvania County, which that court denied and dismissed on December 15, 2009. From that dismissal,

3

Escalante appealed to the Supreme Court of Virginia. But that court refused Escalante's petition on July 27, 2010, on the grounds that the petition "was not perfected in the manner provided by law" and thus not properly filed because the appeal "does not list the specific errors in the lower court proceedings," pursuant to Rule 5:17(c) of the Rules of the Supreme Court of Virginia.[1] J.A. 50-51.

On August 16, 2010, again proceeding pro se, Escalante petitioned for a writ of habeas corpus in the U.S. District Court for the Western District of Virginia, asserting four grounds for the invalidity of his conviction and sentence, including assertions that counsel was ineffective, that his Fifth Amendment privilege against self-incrimination was violated, and that there was insufficient evidence to support his conviction.

On August 19, 2010, the magistrate judge entered an order, noting that, among other things, the petition appeared to be untimely under 28 U.S.C. § 2244(d)(1)(A). The magistrate judge directed Escalante to provide any arguments or evidence in favor

---

[1] The Supreme Court of Virginia remanded the case to the trial court for the limited purpose of correcting Escalante's middle name in the trial court's final order.

of timeliness within ten days.  On August 24, 2010, Escalante filed a response arguing that his petition for appeal to the Supreme Court of Virginia was "properly filed" but was refused "because it was not perfected."  J.A. 92.  Escalante also argued that he "listed assignments of error as required by the Court and did mention the trial court's errors throughout the Petition, [but] apparently did not do so in compliance and perfection of Court Rules that the Petitioner did not know, as he was proceeding pro-se."  Id.  Escalante did not include a copy of the petition for appeal to the Supreme Court of Virginia in either his federal petition for writ of habeas corpus or his supplemental pleading.

On August 31, 2010, in a memorandum opinion and order, the district court sua sponte dismissed Escalante's petition on the grounds that it was not timely filed in accordance with the one-year limitations period under 28 U.S.C. § 2244(d).  The district court found that Escalante failed to perfect his appeal in the manner provided by Va. Sup. Ct. R. 5:17(c), which requires that the petition for appeal include a list of errors under a heading entitled "Assignments of Error."  J.A. 101-02.  Consequently, the district court found that Escalante's federal habeas petition should be dismissed as untimely filed.  The district court held that Escalante, despite being given the opportunity

5

to amend his petition, failed to articulate any equitable basis for tolling the statute of limitations. The district court concluded that the petition for appeal was not "properly filed" and, therefore, was not tolled under the one-year limitations period under 28 U.S.C. § 2244(d)(1). J.A. 103. Escalante appealed, and we granted a certificate of appealability on the issue of whether the district court erred in dismissing as untimely his § 2254 petition.

## II.

On appeal, Escalante's sole argument is that the district court erred in dismissing his application for a writ of habeas corpus as untimely because the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) was tolled during the time his petition to the Supreme Court of Virginia was pending. We disagree.

## A.

We review the denial of habeas relief on timeliness grounds de novo. United States v. Hopkins, 268 F.3d 222, 224 (4th Cir. 2001). The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs habeas petitions and sets forth the limitations period: "A 1-year period of limitation shall apply

6

to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Under the AEDPA, the one-year period within which to file a federal habeas petition runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

> In short, the AEDPA provides that upon conclusion of *direct review* of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court. Every circuit court that has construed 28 U.S.C. § 2244(d) has interpreted it in this way.

Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). We have recognized that the exhaustion and tolling provisions in 28 U.S.C. § 2244(d)(2) serve not only the interests of comity, but also the interests of judicial efficiency. See Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999).

In this case, the district court concluded that the time allowed for tolling the petition in accordance with 28 U.S.C. § 2244(d)(2) was limited to the period of time in which Escalante's state habeas petition remained under consideration in the state habeas trial court. The statute of limitations tolled on September 14, 2009, after approximately 180 days, when Escalante filed his state habeas petition in the Pittsylvania

7

County Circuit Court. However, the clock began to run again on December 15, 2009, when the Pittsylvania County Circuit dismissed the petition. Although Escalante appealed the Pittsylvania County Circuit Court's dismissal to the Supreme Court of Virginia, the appeal was refused because it was not "perfected in the manner provided by law" and, therefore, was not "properly filed." J.A. 103. Escalante filed the federal habeas petition on August 16, 2010, approximately 244 days after the Pittsylvania County Circuit Court dismissed his habeas petition. Thus, according to the district court, the time clock on his statute of limitations ran for a total of 424 days. Therefore, his claims were time-barred.

B.

The Supreme Court has addressed the meaning of "properly filed," stating that:

> [A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted). In Artuz, the Supreme Court held that time limits on state petitions are "condition[s] to filing," and that an untimely petition would not be deemed "properly filed." 531 U.S. at 11.

8

In determining whether a pleading filed in state court was "properly filed" for purposes of a federal time limit, state law typically governs. See Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). "[J]ust because [an] application is pending, does not mean that it was properly filed. For example, if an application is erroneously accepted by the clerk without the requisite filing fee, it will be pending, but not properly filed." Christian v. Baskerville, 232 F. Supp.2d 605, 607 (E.D. Va.), cert. of appealability denied, 47 F. App'x 200 (4th Cir. 2001) (unpublished) ("[W]e deny a certificate of appealability and dismiss the appeal on the reasoning of the district court.").

Here, the Supreme Court of Virginia found that Escalante's petition failed to include a list of assignments of error "in the lower court proceedings upon which the petitioner intends to rely." J.A. 50. At the time Escalante filed his petition for appeal, the relevant provisions of Va. Sup. Ct. R. 5:17(c) were as follows:

> (c) Form and Content. Under a separate heading entitled "Assignments of Error," the petition shall list the specific errors in the rulings below upon which the appellant intends to rely. Only errors assigned in the petition for appeal will be noticed by this Court. Where appeal is taken from a judgment of the Court of Appeals, only assignments of error relating to questions presented in, or to actions taken by, the Court of Appeals may be included in the petition for appeal to this Court. An assignment of error, which merely states that the judgment or award is contrary to the law and the evidence, is not

9

> sufficient.  If  the  petition  for  appeal  does  not
> contain  assignments  of  error,  the  appeal  will  be
> dismissed.

A  petition  for  appeal  that  does  not  contain  the  appropriate assignments  of  errors  required  by  Va.  Sup.  Ct.  R.  5:17(c)  "does not  meet  the  required  form  of  the  petition  for  appeal,"  and  thus does  not  qualify  for  statutory  tolling.   Christian,  232  F. Supp.2d  at  607.

In  concluding  that  Escalante's  petition  for  habeas  corpus was  not  timely  filed,  the  district  court  explicitly  relied  on Christian.   Escalante  attempts  to  distinguish  the  instant  case from  Christian,  noting  that  the  district  court  in  Christian reviewed  the  petitioner's  state  habeas  corpus  records  directly. Escalante  tries  to  create  a  dispute  as  to  whether  he  complied with  Va.  Sup.  Ct.  R.  5:17(c).   Yet  in  his  supplemental  pleading filed  on  August  22,  2010,  Escalante  concedes  that  he  "apparently did  not  [file  his  petition]  in  compliance  and  perfection  of  the court  rules  that  the  petitioner  did  not  know,  as  he  was proceeding  pro  se."   J.A.  92.

In  Christian,  the  United  States  District  Court  for  the Eastern  District  of  Virginia  held  that  assignment  of  error failures  can  prevent  a  petition  for  appeal  from  being  "properly filed"  under  Va.  Sup.  Ct.  R.  5:17(c).   232  F.  Supp.2d  at  607. We  conclude  that  the  facts  and  circumstances  in  Christian  are

10

similar to those presented in this case. There, as in this case, the petitioner failed to include the assignments of error required by Va. Sup. Ct. R. 5:17(c) in his petition for appeal from the state habeas court's denial of habeas relief. Id. at 607. In Christian, the court concluded that the "petitioner failed to meet the form requirement for properly filing an appeal in the Supreme Court of Virginia," and thus had not properly filed pursuant to 28 U.S.C. § 2244(d). Id. The court in Christian held that the petitioner was not entitled to any tolling for the period between the date of the state habeas court's denial of the petition and dismissal of his petition by the Supreme Court of Virginia. Id.

C.

"Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting there from or that a failure to consider the claims will result in a fundamental miscarriage of justice." McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); see also Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) ("If a state court clearly and expressly bases its dismissal of a habeas

11

petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." (citation omitted)). "[A] state court need not fear reaching the merits of a federal claim in an alternative holding so long as it explicitly invokes a state procedural rule as a separate basis for its decision." Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) (citation and emphasis omitted).

Va. Sup. Ct. R. 5:17(c) unambiguously directs that a petition for appeal "list the specific errors in the rulings below upon which the appellant intends to rely" and explains that "[o]nly errors assigned in the petition for appeal will be noticed by" the court. It is undisputed that the Supreme Court of Virginia did not adjudicate Escalante's federal constitutional claims on the merits. There also is no dispute that the Supreme Court of Virginia's dismissal of Escalante's state habeas application was based exclusively on Va. Sup. Ct. R. 5:17, which sets forth a state rule acknowledged to be an adequate and independent state law ground for decision. In such cases, federal courts are barred from reviewing the constitutional merits of the claims dismissed, absent a showing

12

of cause and prejudice. See Coleman, 501 U.S. at 750; Yeatts, 166 F.3d at 260.

Escalante cannot assert that Va. Sup. Ct. R. 5:17(c) is not firmly established nor regularly applied by the Supreme Court of Virginia. See Yeatts, 166 F.3d at 264 (noting that "[t]he Supreme Court of Virginia had applied [Rule 5:17(c)] numerous times prior to the date [petitioner] filed his petition for appeal to refuse to address issues that were not preserved properly with specific assignments of error."). Nevertheless, Escalante maintains that, even if the state court petition did not comply with Va. Sup. Ct. R. 5:17(c), it was still error for the district court to deem the federal petition untimely.

Specifically, Escalante argues that failure to comply with Rule 5:17(c) does not render the petition invalid in its entirety, it simply precludes review of certain claims and does not render the matter not "properly filed." In support of his challenge, Escalante cites Yeatts, 166 F.3d 255; Mueller v. Angelone, 181 F.3d 557 (4th Cir. 1999); and Hedrick v. True, 443 F.3d 342 (4th Cir. 2006). In each of those cases, unlike Escalante's petition, the Supreme Court of Virginia applied Va. Sup. Ct. R. 5:17(c) to bar certain assignments of error from appellate review; however, there were additional assignments of error made in compliance with Va. Sup. Ct. R. 5:17(c).

13

We recognize that under Va. Sup. Ct. R. 5:17(c), a deficient assignment of error will prevent consideration of such an argument on appeal but does not preclude the consideration of valid assignments. However, as in this case, where the petition for appeal fails to assign any error in compliance with Va. Sup. Ct. R. 5:17(c), it compels the dismissal of the appeal in its entirety. As we stated in Mueller, "Virginia Supreme Court's conclusion that these claims were defaulted bars them from our consideration, absent cause and prejudice or a miscarriage of justice, so long as Rule 5:17(c) is an independent and adequate state grounds for decision." 181 F.3d at 582 (citation omitted).[2]

---

[2] In Yeatts, the Supreme Court of Virginia applied Va. Sup. Ct. R. 5:17(c) to prevent consideration of the petitioner's argument alleging ineffective assistance of counsel, where his assignment of error addressed the propriety of the trial court's failure to order an evidentiary hearing in habeas corpus review. 166 F.3d at 262-63. We reiterated the familiar standard that a state procedural rule is "adequate" if it is firmly established and regularly or consistently applied by the state court and independent if it does not depend on a federal constitutional ruling. Id. at 263–64. Similarly, in Mueller, the Supreme Court of Virginia, applying Rule 5:17(c), "dismissed . . . scores of claims strung together, without support or explanation, in the two footnotes on the final two pages." 181 F.3d 583. In Mueller, we concluded that "the assignments of error asserted there in were defaulted not because the petition was too long, but because they lacked either the specificity or the support the rule explicitly and unambiguously demands, or both." Id. And in Hedrick, the Supreme Court of Virginia
(Continued)

14

Although Escalante acknowledges that the district court can raise a timeliness issue sua sponte, he maintains that it is still an affirmative defense. He contends that the petition was dismissed summarily under Rule 4 of the Rules Governing Section 2254 Cases, without a response ever being requested or received from the Commonwealth. He asserts that lack of timeliness under § 2244(d) is an affirmative defense that would ordinarily have to be raised by the Commonwealth in its response, and that, as a pro se petitioner in the court below, his response is entitled to a liberal construction.

The district court, in reviewing a petition for writ of habeas corpus, has the authority to raise timeliness issues on its own, regardless of either party's actions, because "[a]ctions brought pursuant to § 2254 implicate considerations of comity, federalism, and judicial efficiency not present in

---

dismissed the petitioner's claims concerning an alleged failure by the government to disclose exculpatory information, and we affirmed the district court's dismissal because the "default rule applied was . . . adequate." 443 F.3d at 363 (quotation marks omitted). Accordingly, these cases do not help Escalante.

15

ordinary civil actions." Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002).

Allowing the district court to consider sua sponte the timeliness of a § 2254 petition is consistent with Rule 4 of the Rules Governing Section 2254 Cases. Id. Rule 4 addresses the district court's sua sponte consideration of a defense by stating that:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, 28 U.S.C. foll. § 2254.

In Hill, we held that "justice required the district court to give the pro se § 2254 petitioner prior notice and an opportunity to respond." Id. at 707. In Hill, we sought to make certain that a district court does not prematurely dismiss a § 2254 petition as untimely before the petitioner has an adequate opportunity to present facts "not apparent to the court that militate against the application of the limitations bar." Id. Thus, Hill requires only that the petitioner be given an opportunity to provide a basis, if any, to show that the petition was filed within the time limitation period.

16

Here, the district court provided Escalante with an opportunity to make his case. Escalante filed his pro se petition for a writ of habeas corpus using a standard government form that asks for information "explain[ing] why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [the] petition." J.A. 16. In his response, Escalante wrote, "excluding the time where a petition or appeal [was] pending, this petition is being filed in time." J.A. 16. Unlike the pro se defendant in Hill, Escalante was aware and on notice that he should provide information regarding the timeliness of his petition. After reviewing Escalante's petition for a writ of habeas corpus and raising the issue of untimeliness, the district court gave Escalante the opportunity to submit evidence to demonstrate the timeliness of his petition. In his response to the magistrate judge's request for "any additional argument or evidence petitioner desires to present concerning the timeliness of his §2554 petition under §2244(d)," Escalante did not put forward any additional evidence. J.A. 84. He simply provided the following response: "While the Petitioner did list[] assignments of errors as required by the Court and did mention the trial court's errors through the Petition, apparently [he] did not do so in compliance and perfection of the Court Rules." J.A. 92.

17

Escalante's admission that he failed to conform his petition to the requirements of Virginia Supreme Court Rule 5:17(c) supported the district court's conclusion that Escalante's petition was not "properly filed" and thus properly dismissed.

## III.

In sum, the Supreme Court of Virginia dismissed Escalante's petition because it was not perfected in the manner provided by Va. Sup. Ct. R. 5:17(c) and was therefore not properly filed. Accordingly, we conclude that the district court properly dismissed Escalante's habeas corpus petition as untimely.

<u>AFFIRMED</u>

18

DAVIS, Circuit Judge, dissenting:

The majority affirms the dismissal of Escalante's petition under 28 U.S.C. § 2254 for two alternative reasons: because the federal petition was untimely, and because Escalante procedurally defaulted his claims. With respect, I dissent.

*First*, the majority opinion too easily approves of the district court's hasty dismissal of this case as untimely (a mere fifteen days after it was filed) on a record that lacks <u>evidence</u> showing that Escalante actually failed to include "assignments of error" in his state court petition for appeal, as required by Virginia Supreme Court Rule 5:17(c). Rule 4 of the Rules Governing Section 2254 Cases requires a district court to dismiss a petition only if it "plainly appears . . . that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254 (emphasis added). Moreover, we "interpret the efforts of a <u>pro</u> <u>se</u> petitioner liberally." <u>Fields v. Atty Gen. State of Md.</u>, 956 F.2d 1290, 1298 n.20 (4th Cir. 1992).

In Escalante's response to the district court's sua sponte invocation of the Commonwealth's timeliness defense, he asserted that he "<u>did</u> list[] assignments of errors as required by the Court and <u>did</u> mention the trial court's errors through the Petition," but that he "apparently did not do so in compliance and perfection of the Court Rules." J.A. 92 (emphasis added).

19

Bearing in mind that Escalante's pro se pleadings are to be liberally construed, at minimum Escalante's response raised a question about the contents of his underlying petition for appeal. He clearly did not "concede[]" or "admi[t]," Maj. Op. at 10, 18, a complete failure to conform with the requirements of Rule 5:17(c). Thus, it did not "plainly appear[]" on the record before the district court that Escalante's petition for appeal failed to comply with Rule 5:17(c).

Given that Escalante's response, liberally construed, disputed the district court's perception that he had failed to comply with Rule 5:17(c), in my view the district court committed reversible error by failing to require the Commonwealth to file a response to Escalante's § 2254 petition that (presumably) would have included the disputed petition for appeal. The majority impliedly concludes that Escalante, rather than the Commonwealth, had the burden to produce the petition for appeal to support the Commonwealth's timeliness defense. The majority's approach conflicts with the Rules Governing § 2254 Cases, which "recognize that the state is much better able to access the state court record." Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002); see Rule 5(c)-(d), 28 U.S.C. foll. § 2254 (requiring a § 2254 respondent to include petitioner's appellate briefs, state court appellate decisions, relevant state court

20

transcripts, and additional transcripts or narrative summaries of state court proceedings upon the court's order.). As the Eleventh Circuit has explained, "The obligation to come forward with the state court record is squarely upon the respondent, not the petitioner." Bundy v. Wainwright, 808 F.2d 1410, 1415 (11th Cir. 1987).

In short, the ambiguity of Escalante's response required the district court to review the state court record, and the burden to produce that record was on the Commonwealth. Because the district court did not order the Commonwealth to respond to Escalante's petition, I would vacate the judgment and remand for further proceedings.

*Second*, there is another reason it did not "plainly appear[]" from Escalante's federal habeas petition, see Rule 4, 28 U.S.C. foll. § 2254, that Escalante's federal habeas petition was untimely. The one-year period of limitations under § 2244(d)(1) is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This "includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S.

21

189, 191 (2006) (citing Carey v. Saffold, 536 U.S. 214 (2002)). If a notice of appeal is timely filed, then the tolling period continues until "final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

Neither this court nor the Supreme Court has addressed whether a state application for appeal (as opposed to an original state habeas petition) is an "application" that must be "properly filed" under 28 U.S.C. § 2244(d)(2).* That is, there is an open legal question as to whether a prisoner's filing of a timely but somehow deficient notice of appeal continues to toll the federal limitations period until the state appellate court

---

* In Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001), we mentioned that the federal limitations period is tolled while a state habeas petition is on appeal "if the appellate petition was 'properly filed.'" Id. at 185. To the extent that implies that failing to "properly" file a timely notice of appeal precludes tolling during an appeal period, the statement is dicta. The issue in Allen was whether the limitations period was tolled between the expiration of the state appeal deadline and the subsequent filing of an untimely appellate petition. Here, unlike in Allen (and unlike in Pace v. Diguglielmo, 544 U.S. 408 (2005)), the question is not whether Escalante's notice of appeal was timely filed (it clearly was), but rather whether his subsequent "petition for appeal" was "properly" filed, insofar as Virginia practice requires that such a document contain "assignments of error."

denies review or otherwise rejects the prisoner's appeal. This open legal question could be dispositive as to the timeliness of Escalante's federal § 2254 petition. The AEDPA one-year statute of limitations began running on March 18, 2009, when Escalante's conviction became final. 28 U.S.C. § 2244(d)(1)(A). The limitations period was tolled on September 14, 2009, when Escalante filed his state habeas petition in the Pittsylvania County Circuit Court, at which point 180 days had passed. The Pittsylvania County Circuit Court denied and dismissed Escalante's state habeas petition on December 15, 2009. The Virginia Supreme Court "refused" his petition for appeal because it was not "perfected," on July 27, 2010. J.A. 50.

The district court assumed, and the majority apparently agrees, that Escalante's petition for appeal was an "application" that had to be "properly filed," and therefore if the petition for appeal was improperly filed the statutory tolling period ended, retroactively, as of the date the Pittsylvania County Circuit Court dismissed his state habeas petition. We need not and should not decide that question at this stage, however. Because the district court declined to order the Commonwealth to respond to Escalante's federal petition, the court could only dismiss the petition if it "plainly appear[ed] from the petition" that it was untimely.

23

Rule 4, 28 U.S.C. foll. § 2254. Separate from the question whether in fact Escalante failed to comply with Virginia Supreme Court Rule 5:17(c), see supra, this non-frivolous legal question precludes a finding that Escalante's federal petition plainly was untimely.

The majority neither acknowledges that open legal question nor explains why it is electing to follow Allen's dicta. Nor does it explain, even if under federal law, despite the timely filing of a notice of appeal, a state petition for appeal must be "properly" (not just timely) filed, (1) why, under Virginia practice, a petition for appeal is an "application" that must be "properly filed"; (2) why any and all defects in a pro se litigant's composition of his "assignments of error" under Virginia practice defeat a finding that the petition was "properly filed" as a matter of federal law; or (3) why "perfecting an appeal" under Virginia law, as the district court put it, is invariably necessary to "properly file" an "application" under § 2244(d)(2). Instead of addressing these questions, the majority relies on Christian v. Baskerville, 232 F. Supp. 2d 605 (E.D. Va. 2001), which in turn relied on dicta from Rodgers v. Angelone, 113 F. Supp. 2d 922 (E.D. Va. 2000), aff'd, 5 F. App'x. 335, 2000 WL 265336 (4th Cir. 2001), to conclude that Escalante is not entitled to statutory tolling

24

from the time the circuit court denied his state writ of habeas corpus until the time the Virginia Supreme Court refused his petition for appeal for failing to include adequate assignments of error in his petition for appeal. I do not believe the reasoning of Christian, or the district court's or the majority's reliance thereon, supports the conclusion that Escalante's federal petition plainly was untimely, permitting its summary dismissal.

*Finally*, for similar reasons, the district court erred in concluding that, even if Escalante's federal petition was timely, his failure to compose sufficient "assignments of error" resulted in procedural default of his claims, see Escalante v. Watson, 2010 WL 3489041, *1, n.6 (W.D. Va. Aug. 31, 2010). The district court could only excuse the Commonwealth from responding to Escalante's petition if it "plainly appear[ed]" under Rule 4 that Escalante was not entitled to relief, either because the federal petition was untimely or because Escalante's claims had been procedurally defaulted. The factual predicate for both of the district court's conclusions was its finding that Escalante had failed to comply with Virginia Supreme Court Rule 5:17(c). For the reasons discussed above, such was not plainly apparent from the record. Therefore, the district court

25

should have required the Commonwealth to file a response addressing both grounds.

For these reasons, I am unable to join the majority opinion. I would vacate the judgment and remand this action for further proceedings in the district court.