FILED
United States Court of Appeals
Tenth Circuit

February 7, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KEITH McDANIEL,

Defendant-Appellant.

No. 13-3167
(D.C. Nos. 2:13-CV-02083-JWL and
2:07-CR-20168-JWL-22)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Keith McDaniel, a federal prisoner proceeding *pro se*,[1] seeks a certificate of appealability (COA) to appeal the district court's denial of his motion to vacate, set aside, or correct his sentence. Because McDaniel has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), we DENY a COA and DISMISS the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe McDaniel's *pro se* filings. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Following a federal jury trial, Keith McDaniel was convicted of various federal cocaine related drug charges.  We affirmed his conviction on direct appeal.  *See United States v. McDaniel*, 433 F. App'x 701 (10th Cir. 2011).  McDaniel then filed a *pro se* § 2255 habeas petition arguing that he received ineffective assistance of trial and appellate counsel.  He also requested an evidentiary hearing.  The district court denied the petition in its entirety and denied the request for a hearing.  On appeal, he reasserts his argument that he was entitled to an evidentiary hearing as well as his claims of ineffective assistance of counsel based on counsel's failure to object to certain evidence or move to suppress certain evidence.

To prevail on an ineffective assistance of counsel claim, McDaniel must show that his counsel's conduct "fell below an objective standard of reasonableness" and that such deficient performance resulted in prejudice to the defense—that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

McDaniel claims that his counsel should have moved to suppress recorded conversations involving McDaniel because the wiretap application was invalid.  For the same reasons articulated by the district court, we find that counsel's performance was not deficient or prejudicial.  McDaniel argues that the wiretap application was invalid because it did not name him in the application even

though the government allegedly knew he was participating in drug trafficking activities.[2] Even though the police may have known about McDaniel's participation in the conspiracy, there is no indication in the record that at the time of the application the police knew McDaniel was related to any of the targeted phones. As a result, the wiretap application was not invalid and McDaniel cannot show prejudice based on his counsel's failure to move to suppress the calls recorded pursuant to the wiretap. *See United States v. Russo*, 527 F.2d 1051, 1056–57 (10th Cir. 1975) (noting that the government is not required to identify a defendant by name in a wiretap order and application if, at the time of application, the government lacked probable cause that defendant was either committing the offense or using the target phone).

McDaniel further claims that his counsel should have moved to suppress transcripts of the calls where McDaniel's name had been inserted in lieu of "Unknown Male" a few days prior to trial. The district court thoroughly addressed this issue. McDaniel does not allege the government improperly modified the audio recordings or that he suffered prejudice as a result of the

---

[2] McDaniel also alleges that he was not given prompt notice of the government's intent to use the contents of the wiretap to obtain an indictment. Assuming McDaniel is claiming a violation of 18 U.S.C. § 2518(8)(d), McDaniel was only entitled to "discretionary" notice because he was not named in the wiretap application. *See United States v. Donovan*, 429 U.S. 413 (1977). As we have stated, his omission from the application was not erroneous. As a result, the failure to notify McDaniel, who was not named in the order, does not mandate suppression. *See id.*

timing of the alteration. At trial, the government put on evidence identifying McDaniel as one of the speakers. And the transcripts of the calls were admitted at trial for demonstrative purposes only to aid the jury in reviewing the records themselves. Thus, even if counsel erred in failing to object to the admission of the transcripts, McDaniel cannot show he has suffered prejudice as a result.

Finally, McDaniel contends that his constitutional rights were violated when the district court denied his § 2255 motion without conducting an evidentiary hearing. We review the district court's refusal to hold an evidentiary hearing for an abuse of discretion. *United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir. 2004). After reviewing the record, we are satisfied that the district court did not abuse its discretion in declining to hold an evidentiary hearing.

Accordingly, we DENY McDaniel's application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge