**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH McDANIEL,

Defendant - Appellant.

No. 15-3065
(D.C. Nos. 2:13-CV-02083-JWL and
2:07-CR-20168-JWL-DJW-22)
(D. Kansas)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **LUCERO** and **McHUGH**, Circuit Judges.

---

Keith McDaniel, a federal prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to appeal the dismissal of a motion he filed in the United States

District Court for the District of Kansas pursuant to Federal Rule of Civil Procedure

60(d)(3). For the following reasons, we deny a COA and dismiss the matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. McDaniel appears pro se, we liberally construe his filings. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

After a trial, a federal jury convicted Mr. McDaniel of participating in a vast conspiracy to distribute cocaine and cocaine base. Mr. McDaniel appealed his conviction, challenging the admission at trial of audio recordings, which the government obtained through wiretaps. On appeal, Mr. McDaniel asserted that the wiretap application was deficient and the government witnesses who identified Mr. McDaniel's voice on the recordings were not sufficiently familiar with Mr. McDaniel to be reliable. *See United States v. McDaniel*, 433 F. App'x 701, 704–05 (10th Cir. 2011) (per curiam). We rejected his arguments and affirmed his conviction. *Id.* at 705. Mr. McDaniel then filed a habeas petition pursuant to 28 U.S.C. § 2255 in the district court. He argued that he received ineffective assistance of trial and appellate counsel and requested an evidentiary hearing. The district court denied the petition in its entirety and we denied Mr. McDaniel a COA to appeal the decision. *United States v. McDaniel*, 555 F. App'x 771, 772–73 (10th Cir. 2014).

Mr. McDaniel next filed a motion in the district court pursuant to Federal Rule of Civil Procedure 60(d)(3) challenging his conviction on the basis that the government committed fraud upon the court. *See* Fed. R. Civ. P. 60(d)(3) (recognizing a court's power to "set aside a judgment for fraud on the court"). He alleged the government committed fraud in connection with its wiretap application and in identifying his voice at trial. He also requested an evidentiary hearing. The district court deemed the motion to be an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. *See* 28 U.S.C. § 2255(h) (placing restrictions on second or successive § 2255

motions and requiring circuit court authorization to proceed in district court). The court also declined to transfer the motion to the Tenth Circuit and denied Mr. McDaniel a COA.

Mr. McDaniel now seeks a COA to appeal the district court's decision, claiming the court should not have treated his motion as second or successive because it alleges fraud on the court. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (holding a federal prisoner must obtain a COA to appeal a district court's dismissal of an unauthorized second or successive motion under § 2255 for lack of jurisdiction). To obtain a COA, Mr. McDaniel must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. McDaniel has not made this showing.

No jurist of reason would debate the correctness of the district court's conclusion that Mr. McDaniel's Rule 60(d)(3) motion was a second or successive motion because it attacked the integrity of Mr. McDaniel's underlying conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32, 538 (2005) (holding that a motion is second or successive if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction); *United States v. Nelson*, 465 F.3d 1145, 1147–49 (10th Cir. 2006) (same). This is so despite the fact that Mr. McDaniel's motion alleges fraud on the conviction court. *See United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013) ("a

-3-

motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction").

In addition, it is beyond dispute that without authorization under § 2255(h), the district court had no jurisdiction to consider Mr. McDaniel's motion and was required to dismiss it. *See* 28 U.S.C. § 2255(h) (requiring a second or successive motion to be certified by the appropriate appellate court before it can be filed in the district court); *Nelson*, 465 F.3d at 1148 (holding that "if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading"). Thus, Mr. McDaniel is not entitled to a COA to pursue his appeal challenging the district court's dismissal of his Rule 60(d)(3) motion. If Mr. McDaniel wishes to pursue his fraud on the court claim, he must first obtain from this court permission to file a second or successive motion by demonstrating that his claims meet the standard set forth in § 2255(h). *See* 28 U.S.C. § 2255(h) (the petitioner must provide (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

For the foregoing reasons, we DENY Mr. McDaniel's application for a COA.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge